[Cite as *State v. Dunkle*, 2019-Ohio-2698.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P.J |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case Nos. CT2019-0009 & CT2019-0010 |
| KELLY J. DUNKLE | |
| | |
| Defendant-Appellant | O P I N IO N |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Muskingum County Court of Common Pleas, Case Nos. CR2018-0515 & CR2018-0728 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 28, 2019 |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| D. MICHAEL HADDOX | JEREMY M. MCLENDON |
| Muskingum County Prosecutor | Micheli, Baldwin, Mortimer |
| 27 N. Fifth Street, 2nd Floor | McLendon & Whitacre, LLP |
| Zanesville, Ohio 43701 | 3808 James Court, Suite 2 |
| | Zansville, Ohio 43701 |

*Hoffman, J.*

**{¶1}** Appellant Kelly Jo Kunkle appeals the judgments entered by the Muskingum County Common Pleas Court convicting her of trafficking in drugs (R.C. 2925.03(A)(2)), possession of drug paraphernalia (R.C. 2929.14(C)(1)), and two counts of obstructing justice (R.C. 2921.32(A)(2)) following her pleas of guilty, and sentencing her to an aggregate term of incarceration of five years.

STATEMENT OF THE CASE[1]

**{¶2}** In case number CR2018-0515, Appellant entered pleas of guilty to trafficking in drugs and possession of drug paraphernalia on December 10, 2018.  Also on December 10, 2018, Appellant entered pleas of guilty to two counts of obstructing justice in case number CR2018-0728.

**{¶3}** Both cases proceeded to sentencing on January 14, 2019.  In case number CR2018-0515, the court sentenced Appellant to twenty-four months incarceration for trafficking in drugs and a term of local incarceration of 30 days for possession of drug paraphernalia, to be served concurrently with each other.  Appellant filed a notice of appeal (Case No. CT2019-0009).

**{¶4}** In case number CR2018-0728, Appellant was sentenced to thirty months incarceration on each obstructing justice conviction, to be served consecutively with each other but concurrently with the sentences imposed in CR2018-0515.  She also filed a notice of appeal from this judgment (Case No. CT2019-0010).

**{¶5}** Appellate counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), rehearing den., 388 U.S. 924,

---

[1] A rendition of the facts is unnecessary to our disposition of this appeal.

indicating the within appeal is wholly frivolous. Counsel for Appellant has raised one potential assignment of error in each case, asking this Court to determine in each case whether the trial court erred in the sentence imposed upon Appellant.   Appellant was given an opportunity to file a brief raising additional assignments of error, but none was filed.

{¶6}   In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id*. at 744. Counsel must accompany the request with a brief identifying anything in the record which could arguably support the appeal. *Id*. Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and, (2) allow the client sufficient time to raise any matters the client chooses. *Id*. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id*.

{¶7}   Counsel in this matter has followed the procedure as set forth in *Anders.* We now will address the merits of Appellant's potential Assignments of Error.

**Case No. CT2019-0009**

THE TRIAL COURT ABUSED ITS DISCRETION AT SENTENCING

BY IMPOSING A TWENTY-FOUR (24) MONTH PRISON SENTENCE AND

A SENTENCE OF THIRTY (30) DAYS LOCAL INCARCERATION, BOTH

TO RUN CONCURRENT FOR AN AGGREGATE SENTENCE OF TWENTY-FOUR (24) MONTHS.

**{¶8}** Our standard of review of sentencing is set forth in R.C. 2953.08(G)(2):

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶9}** R.C. 2953.08(G)(2)(a) does not apply to Appellant's sentences for trafficking in drugs and possession of drug paraphernalia. The sentences fit in the applicable statutory sentencing range, and we find the sentence is not contrary to law.

**{¶10}** Appellant's proposed assignment of error is overruled.

## Case No. CT2019-0010

THE TRIAL COURT ABUSED ITS DISCRETION AT SENTENCING

BY IMPOSING THIRTY (30) MONTH CONSECUTIVE SENTENCES.

**{¶11}** Pursuant to R.C. 2929.14(C)(4), the trial court must make specific findings to impose consecutive sentences:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶12} In the instant case, the trial court made the requisite findings at the sentencing hearing and in the sentencing entry. The trial court stated at the sentencing hearing:

In regards to the 0728 case, I read the presentence investigation. And I read that – your statement that you knew what had supposedly happened but you asked Mr. Adams if he did it and he said no and you believed him so you continued to help him.

I think everybody that you were running around with at that point in time knew what had happened and knew everybody else's involvement in what was going on. I think you also are 32 years of age. You're not a 20 year old, naïve person out on the street. You've been around this for a long time. You knew exactly what you were doing, and you did it. I think you're still having trouble trying to admit that to yourself and to anybody else.

In regards to each of the felonies of the third degree in 0728, the Court is imposing a 30-month sentence on each to be served consecutively to each other but concurrent with Case No. 0515.

The Court finds that the consecutive sentences are necessary to protect the public and to punish the offender and finds that the consecutive sentences are not disproportionate to the seriousness of the conduct. At least two offenses in that case are courses of conduct that the harm caused by them are so great and unusual that no single prison term for these offenses adequately reflects the seriousness of your conduct.

This was a death case. It was a murder. You can't have any more serious offense. And not only was your conduct then bad, but your conduct by saying that you believed this man did not do that, that's why these sentences are consecutive. That's why.

**{¶13}** Tr. 7-8.

**{¶14}** We find the court's findings pursuant to R.C. 2929.14(C)(4) are supported by the record. We further find the sentence is not contrary to law.

**{¶15}** Appellant's proposed assignment of error is overruled.

OTHER MERITORIOUS ISSUES

**{¶16}** We have reviewed the record and find no other arguably meritorious issues exist.

**{¶17}**  The judgment of the Muskingum County Common Pleas Court is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur